**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 19-2043

———————

AMRO A. ELANSARI,
                                              Appellant

v.

UNIVERSITY OF PENNSYLVANIA

———————————————————

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-19-cv-00786)
District Judge: Honorable Paul S. Diamond

———————————————————

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 16, 2019
Before: CHAGARES, KRAUSE, and NYGAARD, <u>Circuit</u> <u>Judges</u>

(Opinion filed: July 17, 2019)

———————

OPINION[*]

———————

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Amro Elansari appeals the District Court's sua sponte dismissal of his amended complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). For the following reasons, we will affirm.

Elansari filed his action and a motion to proceed in forma pauperis (IFP) with the District Court on February 25, 2019, alleging that the University of Pennsylvania, John Doe professor, and "ChargeItSpot" violated 45 C.F.R. § 46.116, which imposes informed consent requirements on human research studies. Elansari's cause of action stems from his use of a phone charging station, which allows those in need of a charge to "put [their] phone in a locker, unlock it with a code, and retrieve [their] phone once it has charged." Am. Compl. ¶ 2. Elansari alleged he used one of these charging stations; however, when he went to retrieve his phone, he had to complete a University of Pennsylvania survey on consumer psychology, which he did not consent to. According to Elansari, "the button to skip the survey was 'broken'" and he was therefore forced to provide information that he did not want to divulge in order to get his phone back. Am. Compl. ¶ 12.

The District Court granted Elansari's IFP motion, but dismissed the action, with leave to amend, for failure to state a claim under § 1915(e)(2)(B)(ii). Specifically, the District Court held that Elansari failed to allege facts indicating that any of the defendants were subject to the federal regulation.[1] Elansari filed his amended complaint against the

---

[1] The District Court also directed Elansari to identify all defendants in the caption of any amended complaint, because he had named John Doe professor and "ChargeItSpot" only in the body of the complaint.

2

University of Pennsylvania[2] arguing that the university was subject to § 46.116 because it "receives substantial amounts of federal funding each year." Am. Compl. ¶ 24. The District Court disagreed, noting that simply receiving federal funding does not indicate that the university is subject to the regulation, and further noted that § 46.116 does not provide a private cause of action.[3] To the extent Elansari was attempting to bring a 42 U.S.C. § 1983 action, the District Court determined that he failed to show that any of the defendants were state actors. The District Court dismissed the amended complaint with prejudice.[4] Elansari timely appealed.

We have jurisdiction pursuant to 28 U.S.C. § 1291. Our review of the District Court's sua sponte dismissal pursuant to § 1915(e)(2)(B)(ii) is de novo. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). When considering whether to dismiss a complaint for failure to state a claim pursuant § 1915(e)(2)(B)(ii), the District Court uses the same standard it employs under Fed. R. Civ. P. 12(b)(6). See id. "[A] complaint must contain sufficient factual allegations, taken as true, to 'state a claim to relief that is plausible on its face.'" Fleisher v. Standard Ins. Co., 679 F.3d 116, 120 (3d Cir. 2012) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). We accept all factual allegations in the complaint as true and construe those facts in the light most favorable to

---

[2] Elansari again failed to name John Doe professor and "ChargeItSpot" in the caption.

[3] The District Court also noted that Elansari failed to allege any facts indicating that John Doe professor or "ChargeItSpot" was subject to the federal regulations.

[4] The District Court, in the alternative, dismissed the possible state law tort claims due to a lack of subject matter jurisdiction. See Fed. R. Civ. P. 12(h)(3).

the plaintiff.  Id.  "We may affirm a district court for any reason supported by the record." Brightwell v. Lehman, 637 F.3d 187, 191 (3d Cir. 2011).

Elansari's brief on appeal is a single page consisting of two sentences.  Even liberally construing this filing, we are unable to surmise his challenges to the District Court's determinations.  Consequently, we are inclined to view Elansari's one-page brief—which sets forth none of the issues addressed by the District Court and contains no citation to authority or the record—as effectively waiving any challenge to the District Court's rulings on these matters.[5]  See Kost v. Kozakiewicz, 1 F.3d 176, 182 (3d Cir. 1993) (noting that if an appellant fails "to set forth the issues raised on appeal and to present an argument in support of those issues in their opening brief," those issues are normally deemed "abandoned and waived . . . on appeal and [they] need not be addressed by the court of appeals"); see also Doeblers' Pa. Hybrids, Inc. v. Doebler, 442 F.3d 812, 821 n.10 (3d Cir. 2006) (noting that "passing and conclusory statements do not preserve an issue for appeal").

Even if we declined to enforce this waiver, we would—for the reasons mentioned above and thoroughly discussed in the District Court's order—agree with the District Court's dismissal pursuant to § 1915(e)(2)(B)(ii).  Additionally, the District Court did not err in declining to invite additional amendment of the complaint.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 111 (3d Cir. 2002).

_____

[5] Elansari, who states in his District Court filings that he is a law student, is proceeding pro se.  Although we construe pro se filings liberally, this policy has not prevented us from applying the waiver doctrine to pro se appeals.  See, e.g., Emerson v. Thiel Coll., 296 F.3d 184, 190 n.5 (3d Cir. 2002) (per curiam).

For all of the forgoing reasons, we will affirm the District Court's judgment.